# Mulligan, Appellant, *v.* Pennsylvania Railroad Company.

*Waters—Extraordinary flood—Damages to land—Sewer—Railroads.*

In an action of trespass against a railroad company to recover damages for the flooding of land by reason of an alleged defective or deficient sewer, where the evidence shows that the injury took place at the time of an extraordinary flood, the burden is upon the plaintiff to show that notwithstanding the extraordinary character of the water, the defendant's failure to maintain a sewer of sufficient capacity and in condition to carry off ordinary water at the time, was the actual

producing cause of the injury, and if he fails to produce such proof he is properly nonsuited.

Argued April 14, 1909. Appeal, No. 178, Jan. T., 1908, by plaintiffs, from order of C. P. Luzerne Co., June T., 1902, No. 129, refusing to take off nonsuit in case of E. W. Mulligan et al. v. The Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for injury to land.

At the trial the court entered a compulsory nonsuit.

On a motion to take off the nonsuit FULLER, J., filed the following opinion:

Order of the court below denying motion to take off compulsory nonsuit.

The action is trespass for damages inflicted upon plaintiffs by alleged negligence in construction and maintenance of a certain sewer, causing obstruction in the same and consequent overflow of water upon plaintiffs' property.

Upon conclusion of plaintiffs' testimony, a motion for compulsory nonsuit was made on the grounds, (1) that the plaintiffs failed to prove any negligence on the part of the defendant which produced the damage and injury complained of in their declaration or statement filed; (2) the evidence on the part of the plaintiffs shows that their damage or loss was caused by extraordinary flood or storm, for which the defendant is not responsible; (3) the plaintiffs failed to show that their sewer was built in an improper, defective or unworkmanlike manner or of improper materials; (4) the plaintiffs failed to show that the sewer was blocked, choked or obstructed, and that by reason thereof the water was cast upon their premises at the time of the flood.

The Court said: This case presents three fundamental questions, viz.:

1. Was the sewer sufficient in capacity and condition at the time of the injury, February 28, 1902, to carry off what we will designate "ordinary water"?

2. If it was not sufficient to carry off ordinary water, then, was the water on February 28, 1902, extraordinary?

3. If the water was extraordinary, then, notwithstanding its extraordinary character, did defendant's negligence in failing to maintain a sewer of sufficient capacity and in proper condition to carry off ordinary water, concur with the extraordinary water as an actual producing cause of the plaintiffs' damage?

The testimony adduced by the plaintiffs establishes the fact that the water which caused the plaintiffs' injury on February 28, 1902, was extraordinary in its character. It therefore devolved upon the plaintiffs to show that notwithstanding the extraordinary character of the water, the defendant's failure to maintain a sewer of sufficient capacity and in condition to carry off ordinary water on February 28, 1902, was the actual producing cause of the plaintiffs' damage.

I am of the opinion that the plaintiffs have failed to sustain this burden of proof by sufficient evidence to submit to the jury, and I must therefore sustain the motion for a compulsory nonsuit.

Plaintiffs concede that the water was extraordinary in character and that, therefore, the burden of proof did devolve upon them as above stated, but contend that this burden was fully sustained.

Careful consideration of the testimony confirms the conclusion reached upon the trial, and, therefore, now, November 11, 1907, the motion to take off nonsuit is denied.

*Error assigned* was refusal to take off nonsuit.

*James L. Morris,* for appellants.—Aqua currit et debet currere: Kauffman v. Griesemer, 26 Pa. 407; Taylor v. Canton Twp., 30 Pa. Superior Ct. 305; Brown v. Railway Co., 183 Pa. 38.

It was for the jury to pass upon the defendant's liability: Lehigh Bridge Co. v. Lehigh C. & N. Co., 4 Rawle, 9; Bell v. McClintock, 9 Watts, 119; McCoy v. Danley, 20 Pa. 85; Fick v. R. R. Co., 157 Pa. 622; Brown v. Railway Co., 183 Pa. 38;

Smith v. Shields, 194 Pa. 635; Keats v. Gas Co., 29 Pa. Superior Ct. 480; Miller v. Buffalo, etc., R. R. Co., 29 Pa. Superior Ct. 515; Dutton v. Phila., B. & W. R. R. Co., 32 Pa. Superior Ct. 630; Masterson v. Lehigh Valley R. R. Co., 36 Pa. Superior Ct. 66; Engle v. Gas Co., 36 Pa. Superior Ct. 311; Helbling v. Allegheny Cemetery Co., 201 Pa. 171.

*F. W. Wheaton,* for appellee.—Extraordinary occurrences, such as an extraordinary flood, defendant was not bound to foresee, nor to provide against: Railway Co. v. Gilleland, 56 Pa. 445; B. & O. Railroad Co. v. School District, 96 Pa. 65; Herr v. Lebanon, 149 Pa. 222.

It is respectfully submitted that the learned trial judge was clearly right in directing a nonsuit and in refusing to take it off: Berninger v. Sunbury, etc., R. R. Co., 203 Pa. 516; B. & O. R. R. Co. v. School District, 96 Pa. 65; Taylor v. Canton Twp., 30 Pa. Superior Ct. 305.

PER CURIAM, May 20, 1909:

The judgment is affirmed on the opinion of the court below refusing to take off the nonsuit.